FILED
March 26, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALEXIS<br>HERRERA-RAMIREZ,<br><br>Defendant. | Case No: EP:25-CR-00573-KC<br><br>**I N D I C T M E N T**<br><br>**CT 1:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B)(i) - Conspiracy to Bring in Aliens;<br><br>**CT 2:** 8 U.S.C. §§ 1324(a)(1)(A)(i) and (a)(1)(B)(i) - Bringing In Aliens.<br><br>**CT 3:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i) - Conspiracy to Transport Aliens;<br><br>**CT 4:** 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(ii) - Transporting Aliens.<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

On or about March 3, 2025, in the Western District of Texas, Defendant,

**DAVID ALEXIS HERRERA-RAMIREZ,**

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others to the Grand Jury known and unknown, to commit an offense against the United States, namely: to bring to and attempt to bring to the United States certain aliens, at a place other than a designated port of entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B)(i).

## COUNT TWO

On or about March 3, 2025, in the Western District of Texas, Defendant,

**DAVID ALEXIS HERRERA-RAMIREZ,**

did knowingly bring to and attempt to bring to the United States certain aliens, at a place other than a designated port of entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and (a)(1)(B)(i).

## COUNT THREE

On or about March 3, 2025, in the Western District of Texas, Defendant,

**DAVID ALEXIS HERRERA-RAMIREZ,**

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT FOUR

On or about March 3, 2025, in the Western District of Texas, Defendant,

**DAVID ALEXIS HERRERA-RAMIREZ,**

knowing and in reckless disregard of the fact that certain aliens had come to, entered and remained in the United States in violation of law, transported and moved, and attempted to transport and move such aliens within the United States, in furtherance of said violation of law, in violation of

Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(ii).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Transportation of Aliens Violation and Forfeiture Statutes
[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(B)(ii), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant **DAVID ALEXIS HERRERA-RAMIREZ** of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(6)(A) and (B), and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 254(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa insurance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—
> 
>     **(i)** any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and
>     **(ii)** any property real or personal—
>         **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
>         **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
> 
> **(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

> **Title 8 U.S.C. § 1324(b) Seizure and Forfeiture**
> (1) In general
> Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

This Notice of Demand of Forfeiture includes but is not limited to the property described below in Paragraph II.

## II.
## Property

1. LG V40 Thin Q cellular phone, IMEI# 359583091522799; and
2. Any and all property consisting of and/or derived from or property used or intended to be used in the commission of the criminal offense.

A TRUE BILL.

███████████████████████████████

FOREPERSON OF THE GRAND JURY

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY: _____
      Assistant U.S. Attorney